IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CASE NO.

KATHERINE ALBRITTON,
individually and as parent and
natural guardian of ADRIANNA
ALBRITTON, a minor,

Plaintiff,

v.

DOREL JUVENILE GROUP, INC.,
a foreign corporation authorized to
do business in the state of Florida,

and

SAFETY 1st

Defendants.
______________________/

***SUIT FOR NEGLIGENCE***
***DEMAND FOR JURY TRIAL***

**COMPLAINT**

Plaintiff, KATHERINE ALBRITTON, individually and as parent and natural guardian of ADRIANNA ALBRITTON, a minor, sues the Defendants, DOREL JUVENILE GROUP, INC. and SAFETY 1st and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

2. That at all times material to this action, the Plaintiff and minor child were and are residents of Palm Harbor, Pinellas County, Florida.

3. That at all times material to this action, the Defendant, DOREL JUVENILE GROUP, INC., was and is a foreign corporation authorized to do business in

the State of Florida, and was doing business and had an office for the transaction of its customary business in Pinellas County, Florida.

4. That at all times material to this action, the Defendant, SAFETY 1st, was and is a foreign corporation authorized to do business in the State of Florida, and was doing business and had an office for the transaction of its customary business in Pinellas County, Florida.

5. That the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st was at all times material to this action in the business of designing, manufacturing, selling, and distributing high chairs.

6. That on or about September 13, 2015, KATHERINE ALBRITTON, individually and as parent and natural guardian of Adrianna Albritton who was 8 & ½ months old, placed Adrianna in a high chair which was manufactured by the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, to feed her. She installed the tray and confirmed the tray was locked in place by wiggling the tray to make sure it was fastened properly. While Katherine was making her baby a bottle at the counter she heard a crash and looked around and saw that Adrianna had somehow been able to dislodge the tray of the high chair and had fallen all the way to the floor with the tray upside down on top of her. Adrianna had a gash on her forehead requiring stitches.

7. That as a direct and proximate result of this incident, the minor child Adrianna Albritton, was seriously and permanently injured.

**_COUNT ONE - Negligence_**

8. That paragraphs 1 through 7 above are incorporated herein as though set out here in full.

9. That at all time material to this action, the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, owed the duty of exercising reasonable care in designing, manufacturing, selling, assembling and distributing the high chair in question and this duty was owed to the Plaintiff.

10. That the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, breached its aforementioned duty to the Plaintiff in one or more of the following ways:

(a) by failing to properly build design, manufacture, sell, assemble and distribute the high chair in question;

(b) by failing to warn its customers of the potentially defective condition of the high chair;

(c) by failing to properly inspect the high chair for defects prior to selling them;

(d) by failing to properly design the high chair in question.

11. That as a direct and proximate result of the aforementioned negligent acts of the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, the minor Adrianna Albritton was injured about her head, neck, body, back and limbs and aggravated a pre-existing condition.

12. That as a proximate result of the said serious and permanent injuries, Adrianna Albritton has in the past and will in the future suffer much mental and physical pain and suffering and further that Adrianna Albritton has suffered in the past and will suffer in the future the inability to lead a normal life, and further, Adrianna Albritton has also suffered in the past the loss of earnings and will suffer the loss of

future earning capacity because of the permanent nature of the said injuries and further, Adrianna Albritton has been required in the past and will be required in the future to spend large sums of money for remedial medical care to treat said serious and permanent injuries.

13. As a result of the Defendant's negligence, the Plaintiff, KATHERINE ALBRITTON , has incurred various medical or hospital expenses, lost wages, and/or incurred expenses for ordinary and necessary services for the benefit of Adrianna Albritton that would not have been incurred by Plaintiff but for Adrianna Albritton's injuries.

**WHEREFORE**, the Plaintiff, KATHERINE ALBRITTON individually and as parent and natural guardian of ADRIANNA ALBRITTON, a minor, demands judgment against the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, for all damages to which she is entitled along with the costs of this action and prejudgment interest on liquidated damages and demands a trial by jury on all issues.

**COUNT TWO - Strict Liability**

14. That paragraphs 1 through 7 above are incorporated herein as though set out here in full.

15. That the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, at all times material herein was in the business of designing, manufacturing, distributing, selling, assembling and delivering high chairs for the general public.

16. That the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, at all times material herein designed, manufactured, distributed, sold, delivered, and assembled the specific high chair involved in this incident with the Plaintiff.

17. That the high chair that is the subject matter of this lawsuit was, when it left the possession of the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, in a defective condition which was unreasonably dangerous to consumers of this product.

18. That this high chair was in a defective condition which was unreasonably dangerous to consumers in one or more of the following ways:

(a) That the high chair was designed, manufactured, distributed, sold, delivered and assembled in such a way as to cause harm to consumers of the product when used in the intended and reasonably foreseeable manner;

(b) That the high chair was designed, manufactured, distributed, sold, delivered and assembled in such a way that through the normal use of this product a person could sustain serious injury or suffer serious illness.

(c) That the high chair was designed, manufactured, distributed, sold, delivered and assembled in such a way that consumers of the product were not adequately advised or warned of the dangerous propensities of the product.

19. That the aforementioned defects created an unreasonable risk of harm to the Plaintiff and foreseeable users or consumers of the product.

20. That the aforementioned defective conditions of this high chair existed when the product left the control of Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st.

21. That the Plaintiff was using the high chair in a foreseeable manner and in the manner in which it was intended to be used when the Plaintiff was seriously injured by the product.

22. That as a direct and proximate result of the aforementioned defective condition, the minor Adrianna Albritton suffered serious and permanent injuries of her head, neck, body, back and limbs and aggravated a pre-existing condition.

23. That as a proximate result of the said serious and permanent injuries, Adrianna Albritton has in the past and will in the future suffer much mental and physical pain and suffering and further that Adrianna Albritton has suffered in the past and will suffer in the future the inability to lead a normal life, and further, Adrianna Albritton has also suffered in the past the loss of earnings and will suffer the loss of future earning capacity because of the permanent nature of the said injuries and further, Adrianna Albritton has been required in the past and will be required in the future to spend large sums of money for remedial medical care to treat said serious and permanent injuries.

24. As a result of the Defendant's negligence, the Plaintiff, KATHERINE ALBRITTON, has incurred various medical or hospital expenses, lost wages, and/or incurred expenses for ordinary and necessary services for the benefit of

Adrianna Albritton that would not have been incurred by Plaintiff but for Adrianna Albritton's injuries.

**WHEREFORE**, the Plaintiff, KATHERINE ALBRITTON, individually and as parent and natural guardian of ADRIANNA ALBRITTON, a minor, demands judgment against the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, for all damages to which she is entitled along with the costs of this action and prejudgment interest on liquidated damages and demands a trial by jury on all issues.

***COUNT THREE - Breach of Warranty***

25. That paragraphs 1 through 7 above are incorporated herein as though set out here in full.

26. That at all times material to this action, the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, was the seller of the high chair used by the Plaintiff on or about September 13, 2015.

27. That at the time the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, sold the high chair, the Defendant DOREL JUVENILE GROUP, INC. and/or SAFETY 1st warranted both expressly and impliedly that the product was fit for use as a high chair. The Defendant DOREL JUVENILE GROUP, INC. and/or SAFETY 1st further expressly and impliedly warranted that it was safe for a person to sit in the high chair and that a person would not be seriously injured by sitting in the high chair in the normal manner for which it was intended.

28. That the aforementioned warranties made by the Defendant DOREL JUVENILE GROUP, INC. and/or SAFETY 1st was breached in that Adrianna

Albritton, a minor, was seriously injured using the product in the normal manner for which the product was intended to be used.

29. That the aforementioned warranties were made by the Defendant DOREL JUVENILE GROUP, INC. and/or SAFETY 1st to the Plaintiff, KATHERINE ALBRITTON, as parent and natural uardian of Adrianna Albritton, a minor.

30. That as a direct and proximate result of the aforementioned breach of warranty by the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, the Plaintiff was injured about her head, neck, body, back and limbs and aggravated a pre-existing condition.

31. That as a proximate result of the said serious and permanent injuries, Adrianna Albritton has in the past and will in the future suffer much mental and physical pain and suffering and further that Adrianna Albritton has suffered in the past and will suffer in the future the inability to lead a normal life, and further, Adrianna Albritton has also suffered in the past the loss of earnings and will suffer the loss of future earning capacity because of the permanent nature of the said injuries and further, Adrianna Albritton has been required in the past and will be required in the future to spend large sums of money for remedial medical care to treat said serious and permanent injuries.

32. As a result of the Defendant's negligence, the Plaintiff, KATHERINE ALBRITTON, has incurred various medical or hospital expenses, lost wages, and/or incurred expenses for ordinary and necessary services for the benefit of Adrianna Albritton that would not have been incurred by Plaintiff but for Adrianna Albritton's injuries.

**WHEREFORE**, the Plaintiff, KATHERINE ALBRITTON, individually and as parent and natural guardian of ADRIANNA ALBRITTON, a minor, demands judgment against the Defendant, DOREL JUVENILE GROUP, INC. and/or SAFETY 1st, for all damages to which she is entitled along with the costs of this action and prejudgment interest on liquidated damages and demands a trial by jury on all issues.

**TANNEY, GRIFFITH & BRESLER, P.A.**
Attorneys for Plaintiff
29605 U.S. 19 North, Suite 210
Clearwater, FL 33761
(727) 781-8817
SPN No. 00659921
Fla. Bar No. 0629073

SERVICE DESIGNATIONS:
Primary: tg@tanneygriffithlaw.com
Secondary: stacy@tanneygriffithlaw.com

By: /s/ Tony Griffith
TONY GRIFFITH, ESQ.